## CARROLL VS. HARRIS.

It is within the sound legal discretion of the Circuit Court to permit the filing of a special plea, after issue formed and a continuance of the cause.

The plea of non cepit, in an action of replevin in the *cepit et detinet*, puts in issue only the taking.

*Error to the Circuit Court of Yell county.*

Hon. JOHN J. CLENDENIN, Circuit Judge.

HOLLIWELL for the plaintiff,

JORDAN for the defendant.

Mr. Chief Justice ENGLISH delivered the opinion of the Court.

Replevin in the *cepit* for a horse, a plough and harness, a wash pot, two water buckets, a pair of and-irons and an axe. The action was brought by John A Harris against Wm. R. Carroll, in the Yell Circuit Court.

At the return term (Sept. 1856,) the defendant filed two pleas. 1*st. Non cepit*: 2d. A special plea of justification, alleging that he took the goods as a constable, by virtue of a writ of attachment issued to him, against the plaintiff, by a justice of the peace, etc. To the first plea the plaintiff took issue; to the second he demurred; and the Court sustained the demurrer.

The cause was then continued on the application of the defendant on account of an absent witness.

At the next term, (March, 1857,) the defendant moved the Court for leave to file another special plea of justification, substantially the same as that filed by him at the previous term, but in better form. He supported the motion by an affidavit stating, in substance, that he seized the goods by virtue of an attachment issued to him as a constable, by a justice of the peace, against the plaintiff, etc. That at the previous term of the Court, the magistrate who issued the writ was out of the State, and the books and papers of his office were not within the reach of the defendant. "That defendant has *now* got into possession of said writ of attachment, which he is advised will enable him to make a good defence to this suit if he can introduce the same on the trial, and that he could not get said writ last Court."

The plaintiff objected to the filing of the plea on the grounds, 1st, that it was not in apt time, the issue having been made up at the previous term of the Court. 2d. That the defendant had waived his right to file the plea, by not applying for leave at the previous term to amend, etc.; 3d. That the showing was

insufficient: 4th. Substantially the same plea had been filed at the previous term, and a demurrer thereto sustained: and 5th. No copy of the plea, which the defendant proposed to file, had been served upon the plaintiff.

The Court sustained the objection, and refused to permit the defendant to file the plea, and he excepted.

The cause was then submitted to a jury on the issue to the plea of *non cepit;* and during the trial, the defendant offered to introduce in evidence the writ of attachment and the return endorsed thereon, referred to in the plea which he had proposed to file, but the Court excluded them, and he excepted.

The plaintiff obtained a verdict for *one cent* damages; the defendant moved for a new trial on the grounds that the Court had refused to permit him to file his plea of justification, and had excluded the attachment and return, on the trial. The Court overruled the motion, and the defendant excepted and brought error.

1st. The motion of the plaintiff in error to file the plea of justification at the second term of the Court, an issue having been made up at the previous term, was addressed to the sound legal discretion of the Court below  *Digest chap.* 126, *secs.* 53, 59; *Norris vs. Kellogg,* 2 *Eng. Rep.* 112; *State vs. Jennings,* 5 *Eng. Rep.* 442.    The judgment of the Court below pronounced in the exercise of such discretion, is not to be overruled by this Court, unless it is palpably erroneous and unjust. *Same authorities:* also *Bailey vs. Palmer,* 5 *Ark.* 209; *Magruder vs. Snapp,* 4 *Eng. Rep.* 110.

When the first plea of justification was drawn, it is probable that the pleader had not the writ of attachment before him, judging from the number of blanks, etc, in the plea.   Upon the sustaining of the demurrer to the plea, the Court, upon an application and showing, might have allowed the pleader until the next term to prepare and file an amended plea: or the defendant might have given notice that he would introduce matter of justification in evidence upon the trial. *Digest, p.* 807, *sec.* 72.  But no such application appears to have been made

for time to plead at the appearance term, nor was any such notice filed.

We think under the state of the case appearing of record, and upon the showing made, the Court below did not abuse its discretion in refusing to permit the additional plea to be filed at the second term.

2. The remedy provided by our statute for a wrongful *caption* of goods, is but a re-enactment of the common law action of replevin, applicable to the same cases, subject to the same pleas, and requiring the same proofs. *Trapnall vs. Hattier*, 1 *Eng*. 18.

In this case the action was in the *cepit et detinet*, to which the only plea filed by the defendant was that of *non cepit*, which puts in issue only the fact of an actual taking, and admitted the right of property and possession in the plaintiff. *Ringo vs. Field*, 1 *Eng. Rep.* 47; *Town vs. Evans, Ib.* 260; *Wilson vs. Royston*, 2 *Ark*. 325; *Pirani vs. Barden*, 5 *Ark*. 87.

If the defendant desired to justify the taking as an officer, under process, he must, as in trespass, plead the matter of justification specially; or give notice, under the statute, of his intention to introduce it under the general issue, upon the trial.

The Court below did not err therefore in excluding the attachment and return.

The judgment is affirmed.

Absent, Mr. Justice HANLY.